```
```

Case 2:19-cv-09575-ES-CLW   Document 1   Filed 04/11/19   Page 1 of 5 PageID: 1

STRADLEY RONON STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
By:     Francis X. Manning, Esquire
        Adam J. Petitt, Esquire
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T: (856) 321-2403
F: (856) 321-2415
E: fmanning@stradley.com; apetitt@stradley.com
*Attorneys for Defendant, United Healthcare Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH RAKOFSKY, | No. |
| Plaintiff, | |
| v. | Filed Electronically |
| UNITED HEALTHCARE SERVICES, INC., | **NOTICE OF REMOVAL** |
| Defendant. | |

Defendant United Healthcare Services, Inc. ("United") hereby removes to the United States District Court for the District of New Jersey this civil action, pending in the Superior Court of New Jersey, Law Division, Hudson County, No. HUD-L-998-19 (the "State Court Action"), on the following grounds.

1.      On or about March 11, 2019, Joseph Rakofsky, ("Plaintiff") initiated the State Court Action by filing a Complaint. True and correct copies of Plaintiff's Complaint, along with all other process, pleadings and orders served upon United, are attached hereto as Exhibit A.

2. On March 12, 2019, Plaintiff served the Complaint and Summons by hand delivery, on the entity known as UnitedHealthcare, Inc. at its office in Iselin, New Jersey.

3. The Complaint and Summons were the only "process, pleadings, and orders" served.

**Ground for Removal: Diversity of Citizenship/Amount in Controversy**

4. Plaintiff is a citizen and resident of the State of New Jersey. See Complaint, ¶ 1.

5. United is incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

6. In his Complaint, Plaintiff does not assert an amount in controversy, but the nature of the claims and relief sought against United exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c).

7. According to the Complaint, United issued a health benefits plan to Plaintiff's relative and the premiums for said plan were to be paid via automatic withdrawal from a bank account that Plaintiff alleges to have co-owned with his relative. On or about December 18, 2018, Plaintiff's relative died. Plaintiff alleges that after his relative's death United made material misrepresentations to Plaintiff and engaged in "unconscionable commercial practices, deception and fraud" by continuing to withdraw premium payments for the aforementioned plan and refusing to stop withdrawing money from Plaintiff's bank account despite allegedly knowing that Plaintiff's relative had died. See Complaint, ¶¶ 3-5, 8-17.

8. Plaintiff's Complaint alleges causes of action against United for violations of New Jersey's Consumer Fraud Act (Count I); fraud (Count II); negligence (Count III); breach of contract (Count IV); tortious interference with business contracts (Count V);

unjust enrichment (Count VI); negligent infliction of emotional distress (Count VII); and intentional infliction of emotional distress (Count VIII).

9. As a result of United's alleged intentional and fraudulent conduct, Plaintiff, an attorney representing himself *pro se*, alleges that he has suffered physical pain, mental anguish, and traumatic emotional injury which has left him unable to work and earn income for the next 30 years. Plaintiff also alleges that he requires physical rehabilitation and psychological treatment for the rest of his life and United's alleged conduct has impaired his health and quality of his life. Plaintiff is also seeking punitive damages against United. See Complaint, ¶¶ 29, 37, 41, 46, 51, 55, 61, 68, 69. Additionally, for the alleged violations of the New Jersey Consumer Fraud Act, Plaintiff seeks treble damages and statutory reimbursement of his attorneys fees. See Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action").

10. Given the nature of the allegations that United engaged in fraudulent, unconscionable, and deceptive business practices, and the monetary damages Plaintiff seeks for his alleged emotional and physical injuries, lost ability to work and earn income as an attorney, as well as punitive damages and statutory attorney's fees and treble damages sought under the New Jersey Consumer Fraud Act, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

11. Because there is complete diversity of citizenship between Plaintiff and United, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332.

12. Accordingly, the State Court Action is removable pursuant to 28 U.S.C. § 1441(b).

## Removal is Procedurally Proper

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date of service.

14. The United States District Court for the District of New Jersey is the appropriate court for filing this Notice of Removal because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, and served upon Plaintiff *pro se*. A true and correct copy of the Notice to the State Court of Filing of Notice of Removal is attached hereto as Exhibit B.

WHEREFORE, defendant United Healthcare Services, Inc. gives notice that the State Court Action is removed from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

Dated: April 11, 2019    STRADLEY RONON STEVENS & YOUNG, LLP

By: */s/ Adam J. Petitt*
Francis X. Manning, Esquire
Adam J. Petitt, Esquire
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T: (856) 321-2403
F: (856) 321-2415
E: fmanning@stradley.com; apetitt@stradley.com

*Attorneys for Defendant, United Healthcare Services, Inc.*

- 5 -