STRADLEY RONON STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
By:    Francis X. Manning, Esquire
         Adam J. Petitt, Esquire
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T:  (215) 564-8130
F:  (215) 564-8120
E:  fmanning@stradley.com; apetitt@stradley.com
*Attorneys for Defendant United Healthcare Services, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH RAKOFSKY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 2:19-cv-09575-ES-CLW |
| | : | |
| v. | : | Filed Electronically |
| | : | |
| UNITED HEALTHCARE SERVICES, INC., | : | **DEFENDANT'S ANSWER TO COMPLAINT** |
| | : | |
| Defendant. | : | |
| | : | |

Defendant United Healthcare Services. Inc. ("United") responds to

Plaintiff's Complaint with the following Answer and Affirmative Defenses:

1.    Admitted upon information and belief.

2.    Denied as stated. United is incorporated under and has its

principal place of business in the State of Minnesota.

## AS TO BACKGROUND

3.      United admits only that Laurence Reich applied for and was enrolled in a United Healthcare Insurance Company ("UHIC") AARP Medicare Supplemental Plan in or around October 2008 (the "Medigap Plan").  United denies that it or UHIC issued a health benefits plan to Plaintiff.  Further responding, United is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is a relative of Mr. Reich.

4.      United is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      United is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Denied.

7.      Denied as stated.  Pursuant to his application, Mr. Reich authorized UHIC to make a monthly withdrawal from a certain Bank of America account to pay for his Medigap Plan premiums.

8.      Admitted upon information and belief.  Further responding, on or about March 26, 2019, Plaintiff emailed United a copy of Mr. Reich's death certificate, which states Mr. Reich died on December 18, 2018.

9.      The allegations in paragraph 9 constitute conclusions of law to which no response is required.

10.     Denied as stated.  On or about March 26, 2019, Plaintiff emailed United a copy of Mr. Reich's death certificate indicating Mr. Reich died on December 18, 2018.

11.     Denied. Upon United's receipt of Mr. Reich's death certificate, it took steps to ensure that no further premiums for the Medigap Plan were withdrawn from Mr. Reich's Bank of America account.

12-17. Denied as stated.  On or about March 8, 2019,  Plaintiff called and spoke with a UHIC customer service representative for a Medicare prescription drug plan in which Mr. Reich was not a member and that is separate from the Medigap Plan.  The UHIC representative asked Plaintiff to submit documentation showing that he was an authorized representative of Mr. Reich. Plaintiff agreed to send such documentation to the provided address, but upon information and belief, failed to do so.  Further responding, the March 8, 2019, phone call was recorded and any of Plaintiff's characterizations which are inconsistent with the recording are denied.  Further responding, on or about March 26, 2019, Plaintiff emailed United a copy of Mr. Reich's death certificate.  Upon United's receipt of Mr. Reich's death certificate, it took steps to ensure that no further premiums for the Medigap Plan were withdrawn from Mr. Reich's Bank of America account.

18.     Admitted that Plaintiff filed his complaint on or about March 10, 2019.

## AS TO FIRST CAUSE OF ACTION – VIOLATIONS OF CONSUMER FRAUD ACT

19.     United incorporates the foregoing paragraphs by reference as if set forth at length herein.

20-29. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

## AS TO SECOND CAUSE OF ACTION – FRAUD

30.     United incorporates the foregoing paragraphs by reference as if set forth at length herein.

31-37. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

## AS TO THIRD CAUSE OF ACTION – NEGLIGENCE

38.     United incorporates the foregoing paragraphs by reference as if set forth at length herein.

39-41. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

### AS TO FOURTH CAUSE OF ACTION –
### BREACH OF CONTRACT

42.    United incorporates the foregoing paragraphs by reference as if set forth at length herein.

43-46. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

### AS TO FIFTH CAUSE OF ACTION –
### TORTIOUS INTERFERENCE WITH BUSINESS CONTRACTS

47.    United incorporates the foregoing paragraphs by reference as if set forth at length herein.

48-51. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

### AS TO SIXTH CAUSE OF ACTION –
### UNJUST ENRICHMENT

52.    United incorporates the foregoing paragraphs by reference as if set forth at length herein.

53-55. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

## AS TO SEVENTH CAUSE OF ACTION –
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

56.     United incorporates the foregoing paragraphs by reference as if set forth at length herein.

57-61. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

## AS TO EIGHTH CAUSE OF ACTION –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.     United incorporates the foregoing paragraphs by reference as if set forth at length herein.

63-68. The allegations in these paragraphs constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

## AS TO RELIEF SOUGHT

69.     The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, United states as follows: Denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred because he lacks legal standing to seek relief against United for the circumstances alleged.

3.      Plaintiff's claims are barred because he was not a party to, member of, or insured under the Medigap Plan.

4.      Plaintiff's claims may be barred or limited, in whole or in part, and/or completely preempted by the Medicare Act,  42 U.S.C. § 1395, et seq.

5.      Plaintiff's claims may be barred or limited to the extent that he has not joined all indispensable parties to the action, including but not limited to the Estate of Laurence Reich, the Trust of Laurence Reich, or both.

6.      The Court has original jurisdiction over this action in the nature of an interpleader to the extent that Plaintiff and the Estate, Trust or other legal representative of Laurence Reich have adverse claims to any alleged Medigap Plan premiums which may expose United to double or multiple liability.  28 U.S.C. § 1335; Fed. R. Civ. P. 22.

7.      Plaintiff's claims may be barred, in whole or in part, by the terms and conditions of the any applicable agreements, certificates, and applicable health benefit plan documents, and his remedies, if any, are limited thereby.

8.      Plaintiff's claims are barred, in whole or in part, because there was not a valid and enforceable contract between Plaintiff and United.

9.     Plaintiff's claims are barred, in whole or in part, because United did not make any material misrepresentations to Plaintiff.

10.     Plaintiff's claims are barred, in whole or in part, because he did not reasonably rely on any alleged promises or representations of United.

11.     Plaintiff's claims are barred, in whole or in part, by the applicable statutory or contractual limitation on actions.

12.     Plaintiff's claims are barred, in whole or in part, because United's actions and decisions were not an abuse of discretion, arbitrary, capricious, without reason, unsupported by substantial evidence, or erroneous as a matter of law.

13.     Plaintiff's claims may be barred, in whole or in part, because the Complaint fails to allege a justiciable case or controversy.

14.     Plaintiff has failed to mitigate his damages, if any.

WHEREFORE, United Healthcare Services, Inc., demands judgment in its favor and against Plaintiff, together with an award of costs, attorneys' fees, and any other and further relief as the Court may deem appropriate.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I hereby certify that the matters in controversy are not the subject of

any other action pending in any court or arbitration administrative proceeding.

STRADLEY RONON STEVENS & YOUNG, LLP

By:  */s/ Adam J. Petitt*
Francis X. Manning
Adam J. Petitt
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T:  (215) 564-8130
F:  (215) 564-8120
Dated:  May 1, 2019                    E:  fmanning@stradley.com;
apetitt@stradley.com
*Attorneys for Defendant United Healthcare
Services, Inc.*

## **CERTIFICATE OF SERVICE**

I, Adam J. Petitt, hereby certify that on this 1st day of May, 2019, I caused a

true and correct copy of the foregoing pleading to be served via the Court's

electronic server upon all counsel of record.


/s/ Adam J. Petitt
Adam J. Petitt