## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**JOSEPH RAKOFSKY**,

        Plaintiff,

v.                               Civil Action No.: 2:19-cv-09575-ES-CLW

**UNITED HEALTHCARE SERVICES, INC.**,
Defendant.

### PLAINITFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES THIS DAY, Plaintiff Mr. Joseph Rakofsky, Esq. ("Plaintiff"), who hereby timely files his *Reply* to the Defendant's *Opposition,* praying the *Notice of Removal* and all other process, pleadings, and orders filed in the above-styled case by Defendant United Healthcare Services, Inc. ("United") in the United States District Court for the District of New Jersey, be remanded back to the Superior Court of New Jersey, Law Division, Hudson County, No. HUD-L-998-19 (the "State Court Action"), on the following grounds. In support Plaintiff respectfully represents as follows:

### LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-32. Removal statutes are strictly construed. *Syngenta Crop Prot. Inc. v.*

*Henson*, 537 U.S. 28, 32 (2002). Courts should remand all cases where subject matter jurisdiction is in doubt. *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 411 (11th Cir.1999).

"It is well-settled in the Third Circuit that the party asserting federal jurisdiction in a removal case bears the burden of showing, at' all stages of the litigation, that the case is properly before the federal court." *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 516 (D.N.J. 2008).

Applying the maxim that a plaintiff is the master of his own claim and, thus, "may limit [his] claims to avoid federal subject matter jurisdiction, T]he party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold." *Id.* at 520.

## LAW AND ARGUMENT

The parties here do not contend that their controversy involves a question of federal law. Accordingly, this Court has jurisdiction over the instant case only if diversity jurisdiction exists. Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332.

There is no dispute in this case that the parties are of diverse citizenship. Thus, the only jurisdictional issue concerns whether the amount in controversy requirement is satisfied.

The removing defendant bears the burden of establishing facts supporting federal jurisdiction. See *Allen v. Toyota Motor Sales, U.S.A., Inc.,* 155 F. App'x 480, 481 (11th Cir. 2005).

This Court has the authority to rely on ***evidence*** "put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that ***evidence***, to determine whether the defendant has carried its burden." *South Florida Wellness, Inc. v. Allstate Ins. Co*., 745 F.3d 1312, 1315 (11th Cir. 2014) (emphasis added).

"[A] removing defendant is not required to prove the amount in controversy beyond all

doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). Rather, the removing defendant must establish the amount in controversy by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To establish the amount in controversy by a preponderance of the evidence, "[d]efendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka*, 608 F.3d at 755.

To remove a case based on diversity, the diverse defendant must demonstrate that all of the usual prerequisites of diversity jurisdiction are satisfied. Under 28 U.S.C. § 1332(a),

A federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). Diversity between the parties must be complete. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence.". See *Bonadeo v. Lujan*, 2009 U.S. Dist. LEXIS 45672, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.")

Because federal courts are courts of limited jurisdiction, the Court of Appeals for the Tenth Circuit has ruled that "courts must deny such jurisdiction if not affirmatively apparent on the record." *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th

Cir. 2005) (unpublished), abrogated on other grounds by *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014). This strict construction and presumption against removal should not, however, be interpreted as hostility toward removal cases in the federal courts. See *McEntire v. Kmart Corp.*, 2010 U.S. Dist. LEXIS 13373, at *2 ("Strict construction does not mean judicial hostility toward removal. Congress provided for removal, and courts should not create rules that are at tension with the statute's language in the name of strict construction.") (citing *Bonadeo v. Lujan*, 2009 U.S. Dist. LEXIS 45672, at *12).

For purposes of removal of a case, the amount in controversy is generally decided from the face of the complaint. *Angus v. Shiley Inc.,* 989 F.2d 142, 145 (3d Cir. 1993). The burden of establishing federal jurisdiction rests with the party attempting to invoke jurisdiction in a removal case. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990); See also *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In 2004, in *Samuel-Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir. 2004), the Court adopted the "legal certainty" test as the standard to be applied in amount in controversy challenges. To satisfy this standard, it must be evident to a legal certainty that the plaintiff cannot recover an amount greater than the 75,000 required for diversity jurisdiction

While as previously mentioned, this Honorable Court has the authority to rely on ***evidence*** "put forward by the removing defendant…," here, there is not even a scintilla of evidence, which has been advanced by the Defendant. Here, the Complaint is not verified. Further, there are no affidavits whatsoever in the Record before this Court. In addition, no Declarations from any parties or witnesses sworn to under the pains and penalties of perjury can be found. There is no evidence, whatsoever, in the record, which would enable this Honorable Court to make any factual findings at all. Therefore, with no evidence, this Honorable Court cannot make any finding to the degree of

a legal certainty, as required to retain jurisdiction of this case. Therefore, respectfully, it must be remanded.

Assuming, *arguendo*, evidence is eventually put forth in the instant matter, during discovery or at some other time, by the Defendant, which would enable this Honorable Court to make a finding to the point of a legal certainty, then, only at that time, would it potentially be appropriate for the State Court Action to be removed to this Honorable Court. However, at this time, respectfully, the instant matter must be remanded.

## CONCLUSION

WHEREFORE, respectfully, this Honorable Court must find this case should be remanded. Plaintiff Mr. Joseph Rakofsky, Esq. hereby timely files his Reply to the Defendant's Opposition and renews his prayer that the *Notice of Removal* and all other process, pleadings, and orders filed in the above-styled case by Defendant United Healthcare Services, Inc. in the United States District Court for the District of New Jersey be remanded back to the Superior Court of New Jersey, Law Division, Hudson  County, No. HUD-L-998-19.

 /s: Joseph Rakofsky/
Joseph Rakofsky, Esq.
J.A. Rakofsky
Injury & Accident Law, LLC
46 Mercer Street, Suite 2
Jersey City, NJ 07302
Tel. (888) 977-0090
Fax.(888) 977-4711

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, on this 2nd day of June, 2019, hereby certifies that a true and complete copy of the foregoing instrument was mailed, via First Class, United States Postal Service, Postage pre-paid to:

Francis X. Manning, Esquire
Adam J. Petitt, Esquire
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T: (856) 321-2403
F: (856) 321-2415
E: fmanning@stradley.com; apetitt@stradley.com

Attorneys for Defendant, United Healthcare Services, Inc.

 /s: Joseph Rakofsky/
Joseph Rakofsky, Esq.
J.A. Rakofsky
Injury & Accident Law, LLC
46 Mercer Street, Suite 2
Jersey City, NJ 07302
Tel. (888) 977-0090
Fax.(888) 977-4711
