UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH RAKOFSKY,

                Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,

                Defendant.

Civil Action No. 2:19-cv-09575-ES-CLW

**REPORT & RECOMMENDATION**

**WALDOR, Magistrate Judge,**

    This matter comes before the Court by way of referral from The Honorable Esther Salas to issue a report and recommendation regarding Plaintiff Joseph Rakofsky's Motion to Remand. ("Motion," ECF No. 4). The Court declined to hear oral argument pursuant to Rule 78 and as set forth more fully below, the Court recommends the Motion to Remand and the Motion for Attorney's Fees be **DENIED**.

    **I.**    **BACKGROUND**

    Plaintiff first filed this action in Hudson County Superior Court of New Jersey on March 11, 2019, alleging state law claims of fraud, negligence, breach of contract, tortious interference with business contracts, unjust enrichment, negligent infliction of emotional distress, intentional infliction of emotional distress and violations of New Jersey's Consumer Fraud Act against the Defendant. (Opposition to Plaintiff's Motion to Remand, ECF No. 7 at 2). The following facts are taken from Plaintiff's Complaint. Plaintiff purchased a health insurance policy from Defendant with a relative, who was ill. (Compl. ¶ 3). Subsequently, Plaintiff opened a joint bank account will his ill relative at Bank of America to provide funds for required medical and day-to-day services

that Plaintiff's relative required in order to survive. (Compl ¶¶ 4, 5). Plaintiff provided Defendant permission to deduct its premiums automatically and thereafter, Defendant deducted premiums from the aforementioned account and continued to do so despite being duly informed Plaintiff's relative had died. (Compl. ¶¶ 6, 7, 9, 10).

On or about March 8, 2019, Plaintiff communicated with Defendant and stated that they must stop charging Plaintiff's bank account and immediately refund Plaintiff the money improperly deducted from Plaintiff's bank account. (Compl. ¶¶ 12, 13). An agent for Defendant allegedly stated that it would continue to charge Plaintiff premiums despite knowing Plaintiffs relative had died and despite Plaintiff's demands that Defendant stop withdrawing from the account. (Compl. ¶¶ 14, 15). Plaintiff now alleges mental anguish and traumatic emotional injury as a result of United's alleged intentional and fraudulent conduct, which have left him unable to work as an attorney and earn income for the next 30 years. (Compl. ¶¶ 29, 37, 41, 46, 51, 55, 61, 68, 69). He also alleges that he requires physical rehabilitation and psychological treatment for the rest of his life. (*Id.*) In addition, Plaintiff is seeking punitive damages against United as well as treble damages and statutory reimbursement of his attorney's fees. (Opposition to Plaintiff's Motion to Remand ("Opp."), ECF No. 7 at 2).

On April 11, 2019, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, ECF No. 1). Defendant's basis for removal was diversity of citizenship. Plaintiff is a citizen and resident of the State of New Jersey. (Compl. ¶ 1). Defendant is incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. (Notice of Removal ¶5). Because this case was originally filed in state court, Plaintiff did not assert an amount in his Complaint, however Defendant asserts the nature of the claims and relief sought exceeds $75,000 exclusive of interest and costs and therefore is properly before federal court. (*Id.* ¶6).

On April 19, 2019, Plaintiff filed this motion to remand. Defendant filed their Opposition to Plaintiff's Motion to Remand on May 20, 2019. On June 2, 2019, Plaintiff filed a Reply. (ECF No. 9).

## II.    DISCUSSION

### A. DIVERSITY JURISDICTION

The federal removal statute provides, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district courts of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The federal removal statute should be "strictly construed against removal… [and] all doubts should be resolved in favor of remand." *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 597 (D.N.J. 2014). There is a "presump[tion] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Id*. at 598 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

Federal district courts have jurisdiction over all civil actions between citizens of different states where the amount of controversy exceeds $75,000. 28 U.S.C. §1332. Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. §1441(b)(2). The defendant seeking removal has the burden of proving that diversity jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F. 3d 392, 396 (3d Cir. 2004). However, when a complaint fails to demand a specific amount of damages, the court must perform its own "independent appraisal of the value of the claim." *Angus v. Shiley, Inc.*, 989 F. 2d 142, 146 (3d Cir. 1993).

The parties do not dispute that Plaintiff and Defendant are citizens of different states. At issue is whether the amount in controversy can be met. Defendant claims that if Plaintiff can substantiate his allegations, the jurisdictional threshold will be met by the alleged lost wages alone. (Opp. at 5). Plaintiff argues that Defendant's removal was improper because Plaintiff does not assert any particular amount in controversy in his Complaint and the nature of the state law claims and state law relief against United does not exceed $75,000. (Motion at ¶ 20). Moreover, Plaintiff asserts that any doubt as to the amount in controversy must be resolved in favor of remand. (*Id.* (citing *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006)).

The appropriate analysis for whether the amount in controversy meets the jurisdictional threshold is set forth in *Frederico v. Home Depot*, 507 F.3d 188 (3d. Cir.2007). In *Frederico*, the Third Circuit clarified that where a plaintiff has not specifically alleged an amount in controversy that is less than the jurisdictional minimum, *Samuel–Bassett v. KIA Am.*, Inc., 357 F.3d 392 (3d Cir. 2004) applies. *Frederico*, 507 F.3d at 197. Under *Samuel–Bassett*, a court must first determine whether there are disputes over factual matters relevant to establishing jurisdiction. *Frederico*, 507 F.3d at 194. Where no factual disputes exist, as is the case here, the court should adhere to the "legal certainty" test established by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). *Frederico*, 507 F.3d at 194, 197. Under the *Red Cab* legal certainty test, a case should be dismissed or remanded only when the "challenger to subject matter jurisdiction" can prove to a legal certainty that the amount in controversy "could not exceed the statutory threshold." *Id.* at 195

Plaintiff alleges mental anguish and traumatic emotional injury as well as the need for physical rehabilitation and psychological treatment for the rest of his life. (Compl. ¶¶ 29, 37, 41, 46, 51, 55, 61, 68, 69). Specifically, Plaintiff alleges that the mental anguish has been so terrible that

he is unable to sleep, which has resulted in physical pain and an inability to participate in the majority of his daily activities. (Compl. ¶ 29). Plaintiff further alleges that because he suffered physical pain, mental anguish, and traumatic emotional injury as a result of Defendant's actions, he will be unable to "provide services in interstate or foreign commerce for the next thirty years and earn income." (*Id.*).

Based on these alleged damages, Defendant argues that the alleged lost wages alone meet the threshold amount because Plaintiff is a practicing attorney. (Opp. at 5). Defendant asserts that if Plaintiff earns $2,500 per year for the next 30 years, he will reach the jurisdictional threshold of $75,000. (*Id.*) Additionally, Plaintiff demands punitive damages which could by itself satisfy the amount in controversy element for removal. (*Id.*) Lastly, Plaintiff seeks treble damages and statutory reimbursement of attorney's fees for violations of the New Jersey Consumer Fraud Act and should Plaintiff retain counsel and the case go to trial, it is likely that attorney's fees would exceed $75,000. (*Id.* at 6).

Plaintiff asserts that the Defendant has failed to produce evidence that the amount in controversy exceeds $75,000. However, this is not the standard. Pursuant to *Frederico*, *Samuel–Bassett*, and *Red Cab*, the matter must be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. This rule "does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000—a substantially different standard." *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3 (E.D.Pa.2006). Based on Plaintiff's claims for compensatory and punitive damages, lost wages for the next 30 years, and treble damages under the New Jersey Consumer Fraud Act, it does not appear to this Court that it is a legal certainty that Plaintiff cannot recover the jurisdictional amount. Therefore, the Court recommends denying the motion to remand.

### B. PLAINTIFF'S REQUEST FOR FEES AND COSTS

Plaintiff's request for fees or costs under § 1447 (c) is denied. In exercising its discretion under § 1447 (c), the Court looks to whether Defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As an initial point, an attorney appearing *pro se* is not entitled to attorneys' fees. *Capogrosso v. State Farms Ins. Co.*, 2009 WL 3447068, at *4 (D.N.J. Oct. 21, 2009). Defendant's basis for removal was not unreasonable, given there was a colorable legal basis for removal and Defendant's assertions were substantial. Accordingly, the Court finds that Defendant had an objectively reasonable basis for seeking removal.

### IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Plaintiff's Motion to Remand be and the corresponding Motion for Attorney's Fees be **DENIED.**

Pursuant to Local Rule 72.1(c)(2), parties have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

**Dated:** July 11, 2019

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**